UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
P & E PROPERTIES, INC.,                                     :
                                                            :
                        Plaintiff,                          :   08 Civ. 00553 (MGC)(DCF)
                                                            :
           -against-                                        :   **ANSWER**
                                                            :
UNITED NATURAL FOODS, INC. and                              :   ECF CASE
MILLBROOK DISTRIBUTION SERVICES INC.,                       :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------x

      Defendants United Natural Foods, Inc. ("UNFI") and Millbrook Distribution Services Inc. ("Millbrook"), by their attorneys, Covington & Burling LLP, respond to the Complaint of Plaintiff P & E Properties, Inc. ("P&E") as follows, upon knowledge as to themselves and their own acts and upon information and belief as to all other matters:

      1.     Defendants deny the allegations set forth in paragraph 1 of the Complaint, except admit that Plaintiff filed this action against Defendants seeking the stated relief.

      2.     Defendants (i) admit that P&E and Millbrook entered into a General Administration Services Agreement dated February 15, 2007 (the "Services Agreement"), (ii) deny that paragraph 2 of the Complaint fully and accurately summarizes the referenced provisions of the agreement, and (iii) respectfully refer the Court to the Services Agreement for the terms thereof.

      3.     Defendants deny the allegations of paragraph 3 of the Complaint, except admit that in November 2007 Millbrook was acquired by UNFI pursuant to a merger agreement under which a UNFI subsidiary merged with Millbrook's parent company, Distribution Holdings, Inc.

-2-

("DHI") (the "Merger").

4. Defendants deny the allegations of paragraph 4 of the Complaint, except admit that Plaintiff seeks the stated relief.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the Court has subject-matter jurisdiction over this action.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that the Court has personal jurisdiction over defendants for purposes of this action.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that venue is appropriate in this District.

8. Defendants admit that P&E is a privately-owned corporation with a principal place of business located at 444 Madison Avenue and that it purports to provide administrative and executive services. Defendants otherwise deny knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 8 and therefore deny them.

9. Defendants admit the allegations of paragraph 9 of the Complaint.

10. Defendants admit the allegations of paragraph 10 of the Complaint.

11. Defendants admit that the relationship between P&E and Millbrook has existed for approximately ten years and that P&E has provided Millbrook with certain administrative services during that period. Defendants further admit that attached to the Complaint as Exhibit A is a copy of the Services Agreement entered into by P&E and Millbrook and dated February 15,

-3-

2007, to which the Court is respectfully referred for its contents. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 11 of the Complaint and therefore deny them.

12.     In response to paragraph 12 of the Complaint, Defendants admit that P&E agreed to provide certain of the referenced services under the Services Agreement and respectfully refer the Court to the Services Agreement for the full and complete terms thereof.

13.     Defendants (i) admit that Section 2 of the Services Agreement sets forth a Term for the engagement of P&E as Servicer, (ii) deny that the term is fully and accurately summarized in paragraph 13 of the Complaint, and (iii) respectfully refer the Court to the Services Agreement for its contents.

14.     In response to paragraph 14 of the Complaint, Defendants (i) admit that the Services Agreement contains compensation provisions including the quoted language (with the exception of the bracketed modifications), (ii) deny that paragraph 14 fully and accurately summarizes the compensation provisions in question, and (iii) respectfully refer the Court to the Services Agreement for the complete terms thereof.

15.     In response to paragraph 15 of the Complaint, Defendants (i) admit that the Services Agreement contains the quoted language (with the exception of the bracketed modifications), and (ii) respectfully refer the Court to the Services Agreement for the complete terms thereof.

16.     Defendants admit the allegations of paragraph 16 of the Complaint.

17.     Defendants admit the allegations of paragraph 17 of the Complaint.

18.     Defendants admit the allegations of paragraph 18 of the Complaint.

19. Defendants admit the allegations of paragraph 19 of the Complaint.

20. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Complaint and therefore deny them.

21. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Complaint and therefore deny them.

22. Defendants deny the allegations of paragraph 22 of the Complaint, including those contained in the first sentence of paragraph 22 of the Complaint, as to which Defendants' denial is based on a lack of knowledge or information sufficient to form a belief as to their truth.

23. Defendants deny the allegations of paragraph 23 of the Complaint, except admit that checks drawn on a Millbrook-owned account were issued to certain P&E employees prior to the Closing Date.

24. Defendants deny the allegations of paragraph 24 of the Complaint, except admit that Millbrook stopped payment on certain checks issued to P&E employees shortly after the Closing Date, at a time when Millbrook was owned by a UNFI subsidiary.

25. Defendants deny the allegations of paragraph 25 of the Complaint.

26. Defendants deny the allegations of paragraph 26 of the Complaint, except admit that Millbrook has not as of the date of this Answer paid a monthly management fee to P&E for the month of January 2008. Defendants further state that nothing in this response should be construed as an admission or concession by Millbrook of any liability or wrongdoing, all of which Millbrook expressly denies.

27. Defendants incorporate by reference their responses to paragraphs 1 through 26 of the Complaint.

28. Defendants deny the allegations of paragraph 28 of the Complaint, except admit that Millbrook and P&E entered into a Services Agreement which purports to set forth certain respective obligations of Millbrook and P&E.

29. Paragraph 29 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 29 of the Complaint.

30. Paragraph 30 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit that Millbrook continued to be a party to the Services Agreement following the Merger.

31. Paragraph 31 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 31 of the Complaint.

32. Paragraph 32 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations of paragraph 32 of the Complaint.

33. Defendants deny the allegations of paragraph 33 of the Complaint, except admit that Millbrook has not (i) as of the date of this Answer paid a monthly management fee to P&E for January 2008 or (ii) paid any of the purported "retention compensation" costs P&E seeks to recover in this action. Defendants further state that nothing in this response should be construed as an admission or concession by Millbrook of any liability or wrongdoing, all of which Millbrook expressly denies.

34. Defendants deny the allegations of paragraph 34 of the Complaint.

35. Defendants incorporate by reference their responses to paragraphs 1 through 26 of the Complaint.

36. Defendants admit that Millbrook and P&E entered into the Services Agreement and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36 and therefore deny them.

37. Defendants deny the allegations of paragraph 37 of the Complaint.

38. Defendants deny the allegations of paragraph 38 of the Complaint, except admit that Plaintiff seeks the stated relief.

39. Defendants incorporate by reference their responses to paragraphs 1 through 26 of the Complaint.

40. Paragraph 40 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Defendants admit the existence of the Services Agreement and deny knowledge or information sufficient to form a belief as to whether it was valid and binding.

41. Defendants admit that UNFI was made aware of the Services Agreement.

42. Defendants deny the allegations of paragraph 42 of the Complaint.

43. Defendants deny the allegations of paragraph 43 of the Complaint.

44. Defendants deny each and every allegation of the Complaint except as expressly admitted herein.

## As and for a First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### As and for a Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's non-performance of a condition precedent. At no time prior to the closing of the Merger did Millbrook receive or approve any request by P&E, as required by the Services Agreement, for payment of the purported "retention compensation" to any P&E employee. (*See* Services Agreement at Sections 3(c) and 12).

### As and for a Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because of Plaintiff's breach of the Services Agreement.

### As and for a Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to allocate costs as required by the Services Agreement.

### As and for a Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Defendants' payments to Plaintiff pursuant to the Services Agreement.

### As and for a Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and/or waiver.

### As and for a Seventh Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by Plaintiff's own wrongful conduct.

### As and for an Eighth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on the ground that any alleged interference with contractual relations was not tortious, improper or wrongful.

### As and for a Ninth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff cannot establish intent to interfere with a valid and binding contractual obligation.

### As and for a Tenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, on the ground that Plaintiff itself is responsible for any injury Plaintiff allegedly suffered.

### DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Defendants hereby demand that all issues in this case be tried to a jury.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor, and against Plaintiff, on all causes of action and further request:

    A.    that Plaintiff's Complaint be dismissed;

    B.    that Plaintiff's request for relief be denied;

    C.    that Plaintiff be ordered to pay the costs, charges and disbursements, including attorneys' fees, incurred by Defendants in the defense of this action; and

    D.    that the Court direct such other and further relief as it may deem appropriate.

‑

-9-

Dated: New York New York
      March 4, 2008

COVINGTON & BURLING LLP

By: _____
C. William Phillips
Mark P. Gimbel
Daniel L. Cendan

The New York Times Building
620 Eighth Avenue
New York, New York 10018
(212) 841-1000 (phone)
(212) 841.1010 (fax)
www.cov.com

*Attorneys for Defendants United Natural Foods, Inc. and Millbrook Distribution Services Inc.*