UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| P & E PROPERTIES, INC., | No. 08 Civ. 00553 (MGC) (DCF) |
| Plaintiff, | ECF CASE |
| -against- | PLAINTIFF'S REPLY TO DEFENDANTS' COUNTERCLAIMS |
| UNITED NATURAL FOODS, INC. and MILLBROOK DISTRIBUTION SERVICES INC., | |
| Defendants. | |

Plaintiff P & E Properties, Inc. ("P&E"), by and through its counsel, Olshan Grundman Frome Rosenzweig & Wolosky LLP, responds to the Counterclaims of defendants and counterclaim plaintiffs United Natural Foods, Inc. ("UNFI") and Millbrook Distribution Services, Inc. ("Millbrook") as follows:

55.     Plaintiff admits that P&E and Millbrook entered into a General Administration Services Agreement dated February 15, 2007 (the "Services Agreement"), denies the remaining allegations set forth in paragraph 55, avers that the terms of the Service Agreement speak for themselves, and respectfully refers the Court to the Services Agreement for its complete terms.

56.     Plaintiff denies the allegations set forth in paragraph 56.

57.     Paragraph 57 states counterclaim plaintiffs' alleged causes of action to which no responsive pleading is required, to the extent any factual allegations are set forth in paragraph 57, plaintiff denies those allegations.

58.     Plaintiff admits the allegations set forth in paragraph 58.

59.     Plaintiff admits the allegations set forth in paragraph 59.

60.     Plaintiff admits the allegations set forth in paragraph 60.

572580-3

61. Paragraph 61 states a legal conclusion for which no response is required

62. Paragraph 62 states a legal conclusion for which no response is required.

63. Plaintiff admits that the Services Agreement was executed by Richard Bernstein on or about February 15, 2007, and denies the remaining allegations set forth in paragraph 63.

64. Plaintiff denies the allegations of paragraph 64 to the extent that they quote from the Services Agreement out of context, avers that the terms of the Services Agreement speak for themselves, and respectfully refers the Court to the Services Agreement for its complete terms.

65. Plaintiff denies the allegations of paragraph 65 to the extent that they quote from the Services Agreement out of context, avers that the terms of the Services Agreement speak for themselves, and respectfully refers the Court to the Services Agreement for its complete terms.

66. Plaintiff denies the allegations of paragraph 66 to the extent that they quote from the Services Agreement out of context, avers that the terms of the Services Agreement speak for themselves, and respectfully refers the Court to the Services Agreement for its complete terms.

67. Plaintiff denies the allegations of paragraph 67 to the extent that they quote from the Services Agreement out of context, avers that the terms of the Services Agreement speak for themselves, and respectfully refers the Court to the Services Agreement for its complete terms.

68. Plaintiff denies the allegations of paragraph 68 to the extent that they quote from the Services Agreement out of context, avers that the terms of the Services Agreement speak for themselves, and respectfully refers the Court to the Services Agreement for its complete terms.

69. Plaintiff denies the allegations of paragraph 69 to the extent that they quote from the Services Agreement out of context, avers that the terms of the Services Agreement speak for themselves, and respectfully refers the Court to the Services Agreement for its complete terms.

70. Plaintiff denies the allegations of paragraph 70 to the extent that they quote from the Services Agreement out of context, avers that the terms of the Services Agreement speak for themselves, and respectfully refers the Court to the Services Agreement for its complete terms.

71. Plaintiff denies the allegations set forth in paragraph 71.

72. Plaintiff admits that it billed Millbrook $140,000 per month, but denies the remaining allegations set forth in paragraph 72.

73. Plaintiff denies the allegations set forth in paragraph 73.

74. Plaintiff denies the allegations set forth in paragraph 74 and, to the extent that they quote from the Services Agreement, avers that the terms of the Services Agreement speak for themselves, and respectfully refers the Court to the Services Agreement for its complete terms.

75. Plaintiff denies the allegations set forth in paragraph 75.

76. Plaintiff denies the allegations set forth in paragraph 76.

77. Plaintiff admits the allegations set forth in paragraph 77.

78. Plaintiff denies the allegations of paragraph 78 to the extent that they reference provisions of the merger agreement out of context, avers that the terms of the merger agreement speak for themselves, and respectfully refers the Court to the merger agreement for its complete terms.

79. Plaintiff denies the allegations of paragraph 79 to the extent that they reference provisions of the merger agreement out of context, avers that the terms of the merger agreement speak for themselves, and respectfully refers the Court to the merger agreement for its complete terms.

80. Plaintiff denies the allegations of paragraph 80 and, to the extent that they reference provisions of the merger agreement out of context, avers that the terms of the merger agreement speak for themselves, and respectfully refers the Court to the merger agreement for its complete terms.

81. Plaintiff denies the allegations set forth in paragraph 81.

82. Plaintiff denies the allegations set forth in paragraph 82, except admits that (i) P&E obtained twelve checks from Millbrook's comptroller; and (ii) these checks were issued to:

    a. Hal Weiss, in the amount of $121,021;

    b. Reuven Har-Evan, in the amount of $15,260;

    c. James Cohen, in the amount of $204,718;

    d. Ira Gomberg, in the amount of $189,500;

    e. Raphael Ortiz, in the amount of $67,309;

    f. Kristie Tilas, in the amount of $42,011;

    g. Carol Weidenthal, in the amount of $49,547;

    h. Elizabeth Ganss, in the amount of $103,551; and

    i. Renato Tuazon, in the amount of $62,106.

83. Plaintiff denies the allegations set forth in paragraph 83.

84. Plaintiff denies the allegations set forth in paragraph 84, except denies knowledge or information sufficient to form a belief as to when Robert Sigel was informed of the existence of the checks.

85. Plaintiff denies the allegations set forth in paragraph 85.

86. Plaintiff denies the allegations set forth in paragraph 86.

87. Plaintiff admits that checks in the amounts of $32,667.67 and $221,164.78 were issued to P&E and the law firm of Baker & McKenzie LLP, respectively, and denies the remaining allegations set forth in paragraph 87.

88. Plaintiff admits that Millbrook stopped payment on all the checks, and denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 88.

89. Plaintiff denies the allegations set forth in paragraph 89.

90. Plaintiff admits that Reuven Har-Evan sent an email to Millbrook, but denies the remaining allegations set forth in paragraph 90.

91. Plaintiff denies the allegations set forth in paragraph 91.

92. Plaintiff denies the allegations set forth in paragraph 92.

93. Plaintiff denies the allegations set forth in paragraph 93.

94. Plaintiff denies the allegations set forth in paragraph 94.

95. Plaintiff denies the allegations of paragraph 95 to the extent that they quote from the Services Agreement out of context, avers that the terms of the Services Agreement speak for themselves, and respectfully refers the Court to the Services Agreement for its complete terms.

96. Plaintiff admits that it received a letter dated March 21, 2008 from Millbrook, but denies the remaining allegations set forth in paragraph 96.

97. Plaintiff denies the allegations set forth in paragraph 97.

98. Plaintiff repeats and realleges its responses to paragraphs 55 through 97.

99. Plaintiff admits the allegations set forth in paragraph 99.

100. Plaintiff denies the allegations set forth in paragraph 100.

101. Plaintiff denies the allegations set forth in paragraph 101 and denies the allegations set forth in each and every subparagraph thereof.

102. Plaintiff denies the allegations set forth in paragraph 102.

103. Plaintiff repeats and realleges its responses to paragraphs 55 through 97.

104. Plaintiff denies the allegations set forth in paragraph 104, except admits that an actual controversy exists as to the rights and obligation of the respective parties under the Services Agreement.

105. Plaintiff denies the allegations set forth in paragraph 105.

106. Plaintiff repeats and realleges its responses to paragraphs 55 through 97.

107. Plaintiff admits the allegations set forth in paragraph 107.

108. Plaintiff denies the allegations set forth in paragraph 108.

109. Plaintiff denies the allegations set forth in paragraph 109

110. Plaintiff denies the allegations set forth in paragraph 110.

**As and for a First Affirmative Defense**

111. Defendants' Amended Answer and Counterclaims fail to state a claim upon which relief can be granted.

**As and for a Second Affirmative Defense**

112. Defendants' claims are barred, in whole or in part, due to defendants' breach of the Services Agreement.

**As and for a Third Affirmative Defense**

113. Defendants' claims are barred, in whole or in part, due to the doctrines of laches, estoppel, and/or waiver.

**As and for a Fourth Affirmative Defense**

572580-3

114. Defendants' claims are barred, in whole or in part, by defendants' own wrongful conduct.

### As and for a Fifth Affirmative Defense

115. Defendant's claims are barred, in whole or in part, by the doctrine of unclean hands.

### As and for a Sixth Affirmative Defense

116. Defendants have suffered no damages as a result of P&E's actions.

Dated: New York, New York
April 18, 2008

           OLSHAN GRUNDMAN FROME
           ROSENZWEIG & WOLOSKY LLP

           By: /s/ Thomas J. Fleming
                Thomas J. Fleming (TF4423)
                *Attorneys for Plaintiff*
                Park Avenue Tower
                65 East 55th Street
                New York, New York 10022
                (212) 451-2300

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

P & E PROPERTIES, INC.,

                Plaintiff,

-against-

UNITED NATURAL FOODS, INC. and
MILLBROOK DISTRIBUTION SERVICES INC.,

                Defendants.

No. 08 Civ. 00553 (MGC) (DCF)

ECF CASE

CERTIFICATE OF SERVICE

    I, JULIANNE M. FOLEY, am not a party to this action and am over the age of 18, and certify under penalty of perjury that on April 18, 2008, I served a true copy of the **Plaintiff's Reply to Defendants' Counterclaims** upon

Mark P. Gimbel
COVINGTON & BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, New York 10018

via the United States District Court for the Southern District of New York Electronic Case Filing System.

                                                  _____
                                                  JULIANNE M. FOLEY

574708-1